PER CURIAM:
Fahlgren, Inc., formerly known as Fahlgren Martin, Inc., brought this action to recover monies alleged to be due and owing under a contract entered into with the Lottery Commission, respondent herein, in 1991 to provide advertising services. The claim was brought in the amount of $200,875.66.
The evidence in this claim established that the Lottery Commission sought a supplier of advertising services in 1991. A bid procedure was not used, but the Lottery Commission requested examples of the promotion of a fictitious program and evaluated examples of the promotion of a fictitious program and evaluated the proposals from various interested parties based upon the presentions of the programs. The contract was awarded to Fahlgren Martin, Inc., began as of July 1,1991, and was to expire on June 30,1992, when the Lottery Commission requested that the contract be extended for six months. A change order extended the contracted to December 31, 1992. In December 1991, the Lottery Commission voted to award the new contract to Fahlgren Martin, Inc. However, it was necessary for the Lottery Commission to extend the 1991 contract through the months of January and February 1993 while the purchasing process for the new contract was completed. Change Order No. 6 was prepared by the Lottery Commission to extend the contract with Fahlgren Martin, Inc., through January and February 1993. This change order was signed and approved by all of the pertinent parties including the Attorney General; however, the Change Order did not provide an increase in the cap for advertising and marketing. Therefore, the Lottery Commission prepared and executed Change Order No. 7 to increase the spending cap of the contract by $200,000.00 in order to compensate Fahlgren Martin, Inc., for services rendered in accordance with Change Order No. 6. Change Orders Nos. 6 and 7 were duly approved by the Division of Purchasing of the Department of Administration.
There is no dispute that the Lottery Commission desires to render payment to Fahlgren, Inc., as the expenditures for media advertising were made and services were satisfactorily performed and were in compliance with the terms of the contract. However, the Attorney General has refused to approve Change Order No. 7 and the $200,000.00 provided in Change Order No. 7 may not be paid to Fahlgren, Inc. The Attorney General acknowledges the facts of the claim, but contends that Fahlgren, Inc., was aware that Change Order No. 7 did not go through the proper purchasing process; that any reliance upon the change order was unreasonable; and that Fahlgren should bear the burden of providing services when it did not have a contract.
The Court has reviewed the evidence in this claim and the Opinion issued on November 23, 1993, by the W.Va. Supreme Courts of Appeals in State of West Virginia Ex Rel Fahlgren Martin, Inc. v. Darrel V. McGraw, Jr., Attorney General of the State of West Virginia, wherein that Court upheld the new 1993 contract and directed that the Attorney General must sign the contract if nothing is wrong with the form. The Court is of the opinion that Change Order No *85 6 constitutes a contract and Change Order No. 7 should have been signed by the Attorney General. A leads to no conclusion other than that Change Order No. 7 complements Change Order No. 6 by supplying a $200,000.00 increase in the spending cap in the 1991 contract, which increase was inadvertently omitted from Change Order No. 6. The bulk of the claim represents expenditures made by Fahlgren, Inc., to purchase media advertising for the use and benefit of the Lottery Commission. Therefore, the Court has determined that Fahlgren, Inc., performed services under the terms of a contract for which it should be compensated by the Lottery Commission. The Court is of the further opinion that even if the contract were not valid, Fahlgren, Inc., is entitled to a recovery based upon the theory of quantum meruit as it performed services and made expenditures for respondent in reliance upon representations made to it by the proper authorities in the Lottery Commission and the Division of Purchasing.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court grants an award to Fahlgren, Inc., of $200,000.00, the amount of funds that would have been available through Change Order No. 7.
Award of $200,000.00.